An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ANDREW KAY A/K/A ANDY J. KAY,
Appellants,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64072

**FILED**

JUN 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a motion for a new trial based on newly discovered evidence. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Twin-Vest, LLC, owned by Thomas and Philip Boeckle, loaned money to Coast to Coast Demolition & Crushing, Inc., owned by Jimi Telford, and obtained a security interest in equipment and other property owned by Coast to Coast. After Coast to Coast defaulted on the loan, Twin-Vest hired appellant Andrew Kay to recover equipment and other property from Coast to Coast. Shortly thereafter, Kay was involved in seizing equipment from a mining site in Nipton that was operated by Bodie Frates. Based on this seizure, Kay was charged with two counts of conspiracy to commit a crime, one count of burglary, one count of malicious destruction of property, six counts of grand larceny, and six counts of possession of stolen property. At trial, Kay's defense was that when the equipment was seized he believed it was some of the Coast to Coast equipment he had been hired to recover and, although he was mistaken about the ownership of the equipment, he acted in good faith when seizing the equipment. After a nine-day trial, the jury rejected

SUPREME COURT
OF
NEVADA

(O) 1947A

14 - 19123

Kay's defense and convicted him of all but the possession of stolen property counts.

Almost two years after the verdict, Kay filed a motion for a new trial based on newly discovered evidence. The alleged new evidence was obtained as a result of document production related to Frates' civil suit against Twin-Vest and consisted of: a May 1, 2008, invoice from Kay for work done at the Nipton pit; a bill of sale in which Coast to Coast sold equipment to Twin-Vest in lieu of being in default on the promissory note; depositions from Janet Bivens (a former employee of Twin-Vest), Philip Boeckle, and Frates; and a letter from Frates written to the family court on behalf of Kay. Kay asserted that this evidence entirely discredited the Boeckleses' trial testimony that they did not hire or authorize him to recover equipment from the Nipton site and were not aware that he had taken the equipment, and demonstrated that the Boeckles were intimately involved in the seizure of the equipment from the Nipton site. Kay further asserted that this evidence would have established that he acted in good faith when seizing the equipment and changed the outcome of the trial. The district court summarily denied the motion and this appeal followed.

Kay claims that the district court erred by denying his motion for a new trial.[1] We disagree. Kay failed to demonstrate that all of the

---

[1]Kay failed to adequately cite to the record in his briefs and provide this court with a copy of the trial transcripts and the transcript of the hearing on the motion for a new trial. *See* NRAP 3C(e)(1)(C); NRAP 30(b)(1). The trial transcripts are essential for resolving this claim. We are able to reach the merits of this claim only because the State provided copies of the trial transcripts in its appendix. We remind Kay's counsel that it is appellant's responsibility to provide this court with all transcripts and documents necessary for this court's review of the issue raised on appeal. NRAP 30(b)(1)-(3).

evidence was "newly discovered" or "that even with the exercise of reasonable diligence it could not have been discovered and produced for trial." *Sanborn v. State*, 107 Nev. 399, 406, 812 P.2d 1279, 1284 (1991). Further, much of the evidence is cumulative to other evidence presented at trial, and Kay failed to demonstrate that presentation of this evidence would "render a different result probable upon retrial." *Id.* Finally, the primary purpose of the alleged new evidence was to impeach the Boeckleses' trial testimony. Although the Boeckleses' testimony was important, Kay presented other testimony at trial aimed at discrediting the Boeckleses' testimony, and their testimony was not so important that further discrediting of their testimony would make a different result at trial reasonably probable. *Id.* We therefore conclude that the district court did not abuse its discretion by denying the motion for a new trial, *see id.*; NRS 176.515, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:   Hon. Michelle Leavitt, District Judge
      Cremen Law Offices
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk